POWELL, trustee, *et al. v.* HEYMAN *et al.*

BECK, P. J. The plaintiffs brought their petition in the superior court of Richmond county, against certain named defendants who resided in Fulton county and a defendant who resided in Richmond county, for the purpose of having ratified and confirmed certain orders and decrees which had been granted by the judge of the superior court of Richmond county, at chambers, upon the petition of the life-tenant of certain real property located in Richmond county. The petition was demurred to generally, and also upon the ground that the court was without jurisdiction of the person of the defendants, as there was no one residing in Richmond county against whom substantial relief was prayed. At a former trial the demurrers were overruled, and this judgment was brought to the Supreme Court for review, where it was reversed. In the decision of the case it was held that the order of sale and reinvestment, having been granted at chambers, was void, and that equity would not confirm the order unless it should be made to appear that the rights of none of the parties interested would be injured, and it was therefore incumbent on the plaintiffs in the action to show the propriety of the sale of the property in Richmond county and reinvestment of the proceeds, and to show that the minors and contingent remaindermen would not be injured thereby, and there was no allegation in the petition to this effect. Before the judgment of the Supreme Court was made the judgment of the superior court, the petitioners tendered an amendment containing allegations which met the ruling made by this court, and showing the propriety and advisability of the sale of the property in Richmond county, and that the minors and contingent

32

remaindermen would not be injured thereby. This amendment was allowed. The demurrers were thereupon renewed. *Held:*

1. Under the decision when the case was formerly before this court, the demurrer upon the ground that there was no equity in the petition, and that no cause of action was stated, was properly overruled after the amendment was filed.

2. The contingent remainderman residing in Richmond county was an essential party, and the relief prayed against him was substantial. Consequently, the court did not err in holding that the superior court of Richmond county had jurisdiction.

*Judgment affirmed. All the Justices concur.*

No. 148. December 14, 1917. Rehearing denied January 18, 1918.

Equitable petition. Before Judge Hammond. Richmond superior court. January 3, 1917.

*R. B. Blackburn,* for plaintiffs in error.

*Irvin Alexander, Pierce Brothers,* and *Callaway & Howard,* contra.